IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| DOYLE BYRNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10-2690-EFM-DJW |
| ) | |
| JOHNSON COUNTY COMMUNITY ) | |
|   COLLEGE ) | |
| ) | |
| and ) | |
| ) | |
| DR. CLARISSA CRAIG ) | |
| ) | |
| and ) | |
| ) | |
| MS. JEANNE WALSH ) | |
| ) | |
| and ) | |
| ) | |
| MS. AMBER DELPHIA ) | |
| ) | |
| and ) | |
| ) | |
| DR. MARILYN RHINEHART ) | |
| ) | |
| and ) | |
| ) | |
| DR. DENNIS DAY, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S SUPPLEMENTAL SUGGESTIONS
IN SUPPORT OF MOTION FOR TEMPORARY INJUNCTION**

COMES NOW Plaintiff Doyle Byrnes, by and through her counsel, Clifford A. Cohen of Cohen McNeile & Pappas, P.C., and supplements her prior Suggestions, as follows:

I.   **COMPARISON TO YODER v. UNIVERSITY OF LOUISVILLE**

As this case is likely to be a matter of first impression for this Court, Plaintiff believes it would be helpful to the Court to review a remarkably similar case decided by a Federal District Court in 2009, *Nina Yoder v. University of Louisville*, 2009 WL 2406235.

While Judge Charles R. Simpson III of the United States District Court for the Western District of Kentucky decided the case in favor of the nursing student under contract law, and therefore, did not address the due process questions, several important conclusions of law were made that are applicable to Ms. Byrnes' case.

The Court found, as a matter of law, that Ms. Yoder's Blog Post did not violate either the Honor Code or the Confidentiality Agreement.

Plaintiff will offer in evidence at the hearing January 6, 2011 the Nursing School Code of Conduct and the Confidentiality Agreement. The Code of Conduct is silent as to any prohibition or even reference to publication of photos or use of social media sites.

It will also be clear that there has been no violation of the rules of confidentiality as the photo made no reference to the identity of the specimen placenta. Judge Simpson found that there was no basis for the dismissal of nursing student Yoder, and ordered that "Yoder must be reinstated as a student at SON and allowed to return to classes immediately."

It is also important to note that the District Court ruled that Ms. Yoder's injunction action was not barred for failure to exhaust University remedies, noting that "The law is clear that exhaustion is not a prerequisite to maintenance of an action under Section 1983, citing *Patsy v. Board of Regents of State of Florida*, 457 U.S. 496, 500-501 (1982); *Lawrence v. Chancery Court*

*of Tennessee*, 188 F.3d 687, 692 (6th Cir. 1999); See also, *Prager v. State of Kansas, Department of Revenue*, 20 P.3d 39 (Kan. 2001)

Finally, *Yoder* is instructive as Ms. Yoder's blog was, in the District Court's opinion, "generally distasteful and, in parts, objectively offensive." However, the Court found that if the School of Nursing wishes for the professionalism affirmation in the Honor Code to apply to every act or all conduct of a School of Nursing student everywhere and at all times in all contexts, it must give fair notice by explaining such obligation clearly.

The Johnson County Community College Nursing Program Code of Conduct, attached hereto as ***Exhibit A***, is devoid of any meaningful notice to a nursing student that a mere photograph which accurately presents the image of what occurred in the learning environment, i.e., the examination of a placenta, would be construed an "inappropriate communication and/or behavior."

II.   **THE JOHNSON COUNTY COMMUNITY COLLEGE HEARING OFFICER HAS DEMONSTRATED BIAS AND PREJUDICE**

Plaintiff will offer in evidence at the hearing on her Motion for Temporary Injunction a recording of Dr. Clarissa Craig addressing the Johnson County Community College School Student body on November 15, 2010, four days after Plaintiff's dismissal, and in advance of the appeal hearing offered to Plaintiff, with Dr. Craig as the sole arbiter of whether Plaintiff's dismissal would be upheld.

In her address to the student body, Dr. Craig, among other comments, states:

"Last week there was inappropriate pictures taken in a clinical setting and they were posted to a social network. This is considered to be disruptive behavior

3

to the learning environment and very unprofessional and not what we expect of students in our nursing program."

The 10th Circuit in *McClure v. Independent School Dist. No. 16,* 228 F.3d 1205 (10th Cir. 2000) has addressed the principle that procedural due process requires an impartial and disinterested tribunal citing *Marshall v. Jerrico, Inc.,* 446 U.S. 238, 242, 100 S.Ct. 1610, 64 L. Ed.2d 182 (1980), quoting from the opinion:

> "The Due Process Clause entitles a person to an impartial and disinterested tribunal . . . This requirement of neutrality in adjudicative proceedings safeguards the two central concerns of procedural due process, the prevention of unjustified or mistaken deprivations and the promotion of participation and dialogue by affected individuals in the decisionmaking process. The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law. At the same time, it preserves both the appearance and reality of fairness, generating the feeling, so important to a popular government, that justice has been done, by ensuring that no person will be deprived of his interests in the absence of a proceeding in which he may present his case with assurance that the arbiter is not predisposed to find against him."

See also *Tonkovich v. Kansas Board of Regents,* 159 F.3d 504 (10th Cir. 1998), holding that "a tribunal is not impartial if it is biased with respect to the factual issues to be decided at the hearing", citing *Patrick v. Miller*, 953 F.2d 1240, 1245 (10th Circ. 1992).

4

Also, in *Riggins v. Goodman,* 572 F.3d 1101 (10th Cir. 2009), the Court cited *McClure* and *Staton v. Mayes*, 552 F. 2d 908, 914 (10th Cir. 1977) wherein bias was shown by the pre-hearing statements on the merits by those who must make factual determinations on contested facts which, per the opinion, "left no room for a determination that there was a decision by a fair tribunal, with the appearance of fairness." *Id.* at 914-15.

### III. THE TAPE RECORDING OF THE PRE-HEARING STATEMENTS OF DR. CLARISSA CRAIG MAY BE AUTHENTICATED BY THE PLAINTIFF

As a lay witness, under Federal Rule of Evidence 901(b)(5), in the event that Dr. Craig fails to admit the authenticity of the recording, any person who can establish a basis for recognizing the voice(s) on a recording, may provide the authentication required.  See *U.S. v. Bush*, 405 F.3d 909 (10th Cir. 2005).

Respectfully submitted,

COHEN McNEILE & PAPPAS, P.C.

/s/ Clifford A. Cohen
Clifford A. Cohen -          KS #08681
4601 College Blvd., Suite 200
Leawood, Kansas  66211
(913) 491-4050; Fax (913) 491-3059
ccohen@cmplaw.net
ATTORNEYS FOR PLAINTIFF

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Plaintiff's Supplemental Suggestions in Support of Motion for Temporary Injunction was sent, via electronic mail, this 4th day of January, 2011, to the following:

Mark A. Ferguson
Gates, Shields & Ferguson, P.A.
markferguson@gsflegal.com
ATTORNEYS FOR DEFENDANTS          /s/ Clifford A. Cohen

5

## Johnson County Community College Nursing Program
## CODE OF CONDUCT

The Nursing faculty and administration believe that the standards of professional practice must be maintained at all times and in all settings. These standards are identified in the American Nurses Association Code for Nurses in the Standards of Professional Performance and Code of Ethics. Standards are meant to communicate the role of all nurses to patients, individuals and the community. The standards of professional conduct include conveying respect for each individual's uniqueness and privacy, acting to safeguard patients, making informed decisions, maintaining competency in nursing and accepting responsibility for all actions.

The standards emphasize the fundamental principle that nurses be respectful of all individuals and communicate effectively at all times with appropriate words, dress and demeanor. As a reflection of these standards, JCCC nursing students are expected to conduct themselves and communicate at all times with a respectful and courteous manner with peers, faculty, staff and the Assistant Dean of Nursing. Professional behavior is critical in order to maintain the learning environment for all students. Professional conduct is to be maintained in the classroom, health resource center, classrooms/labs and hallways on campus, and health care agencies.

Any inappropriate communication and/or behavior will not be tolerated and will be documented as part of the Clinical Nurse Progress Report evaluation form. Further disciplinary action such as probation or dismissal from the Nursing Program may result from the disruptive or disrespectful behavior.

### ACCEPTANCE OF THIS CODE OF CONDUCT

**The JCCC Nurses Code of Conduct has been reinforced and I will accept this professional role and responsibility.**

_____
**JCCC Nursing Student**


**November 7, 2005**

