IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| DOYLE BYRNES,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHNSON COUNTY COMMUNITY<br> COLLEGE<br><br>and<br><br>DR. CLARISSA CRAIG<br><br>and<br><br>MS. JEANNE WALSH<br><br>and<br><br>MS. AMBER DELPHIA<br><br>and<br><br>DR. MARILYN RHINEHART<br><br>and<br><br>DR. DENNIS DAY,<br><br>    Defendants. | Case No. 10-2690-EFM-DJW |

**PLAINTIFF'S SUGGESTIONS IN REPLY TO DEFENDANTS'
SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

  COMES NOW, Plaintiff Doyle Byrnes, by counsel Clifford A. Cohen and respectfully submits suggestions in reply to Defendants' suggestions as set forth above.

I. **Defendants argue that Plaintiff does not have a liberty interest in continuous education which implicates the Court's protection.**

At page twenty four of Defendants' brief, they assert that "Byrnes does not have a fundamental constitutional right to post education." The 10th Circuit in *Gaspar v. Bruton*, 513 F.2d 843 (10th Circ. 1975), cited by Plaintiff in her original suggestions, held that a practical nursing student who paid a specific, separate fee for enrollment and attendance at a public vocational-technical school was vested with a property right and thus student's action for wrongful dismissal was cognizable under the Civil Rights Act. 42 U.S.C.A. §1983; 28 U.S.C.A. §§ 1343, 2201, 2202.

Defendants mistakenly claim that *Phelps v. Washburn Univ. of Topeka*, 634 F.Supp. 556, 570 (10th Circ. 1986) is applicable to Plaintiff's circumstances. The Phelps were mere applicants denied admission to the Washburn University School of Law. Judge Theis, in his opinion, notes that the Phelps plaintiffs claimed to have a substantive interest in an admission to law school. It was in this context that the court held "to have a property interest, one must have more than an abstract need for desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it," citing *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972).

The examination of the opinion in *Roth*, issued by Justice Stewart, reveals the holding that "the Fourteenth Amendment's procedural protection of property is a safeguard of the security of interests that a person has already acquired in specific benefits. These interests— property interests—may take many forms."

It is undeniable that, opposed to the Phelps litigants' mere desire to be admitted to law school, Byrnes already has a substantial and previously acquired property interest in her nursing

2

school education which, but for her recent dismissal, would have ripened into an extremely valuable nursing degree and opportunity for well-paid employment.

## II. Defendants argue that Plaintiff's claims are not ripe because she has failed to exhaust her internal remedies prior to seeking judicial intervention.

Defendants rely on *U.S. v. Wilson*, 244 F.3d 1208, 1214 (10th Circ. 2001). *Wilson* is inapplicable as it is a criminal case dealing with possession and distribution of cocaine. The ripeness issue in *Wilson* had to do with his challenge to a forfeiture order where, as the Court notes, no property was taken from him and he claimed no interest in any of the seized property.

This is clearly distinguishable from Byrnes' claim that her existing property rights in her nursing education have been taken from her by an arm of the Kansas state government.

Defendants' other citation is to *New Mexicans for Bill Richardson v. Gonzalez*, 64 F.3d 1495, 1499 (10th Circ. 1995). As a preliminary matter, Gonzalez is actually Stephanie Gonzales, New Mexico's Secretary of State. This case is inapplicable as it deals with a congressman's claim that a state statute prohibiting the use of contributions was ripe for judicial review even though the congressman had not announced his intent to run for state elected office. While Congressman Richardson had not yet become a candidate for office, nursing student Byrnes was a candidate for a nursing degree to be awarded imminently in May 2011.

Plaintiff correctly relies on *Patsy v. Board of Regents of State of Florida*, 457 U.S. 496 (1982), which remains controlling law that exhaustion of state administrative remedies is not a prerequisite to action under the Civil Rights Act of 1971.

3

III.  **Defendants argue that a pre-deprivation hearing is not always required, citing *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981) and *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194 (1984) incorrectly cited by Defendants.**

*Parratt v. Taylor* was expressly overruled by *Daniels v. Williams*, 427 U.S. 327, 106 S.Ct. 662 (1986). *Parratt* was overruled to the extent that it states that mere lack of due care by a state official may "deprive" an individual of life, liberty or property under the Fourteenth Amendment. The *Daniels* opinion by Justice Rehnquist concludes that the Due Process clause is not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property.

Plaintiff's loss of her property interest in her education was not unintended. It was a conscious and deliberate act by state officials.

*Hudson v. Palmer* also deals with a prison inmate's action for a prison officer's alleged destruction of his property and holds that a prisoner has no reasonable expectation of privacy in his prison cell entitling him to the protection of the Fourth Amendment against unreasonable searches and that destruction of his property in a "shakedown" search did not violate the Due Process clause since Respondent had adequate post-deprivation remedies under Virginia law for any loss suffered. To suggest that there is any real comparison between Plaintiff's dismissal from her nursing program to a prisoner's alleged loss of property from his prison cell stretches the legal imagination.

IV.  **Finally, Defendants claim that a bond should be required, relying upon *Continental Oil Co. v. Frontier Refining Co.*, 338 F.2d 780, 782 (10th Circ. 1964), cited in Plaintiff's original suggestions.**

*Continental Oil's* holding is clear that a trial judge has wide discretion in the matter of requiring security and if there is an absence of proof showing a likelihood of harm, no bond is necessary.

Defendants' arguments regarding the cost of litigation miss the point of whether the readmission of this nursing student, in and of itself, carries a substantial likelihood of actual harm to the college. There is likely to be no evidence that the college would actually sustain real harm by readmitting a previously successful and diligent student.

Respectfully submitted,

COHEN McNEILE & PAPPAS, P.C.

/s/ Clifford A. Cohen
Clifford A. Cohen -             KS #08681
4601 College Blvd., Suite 200
Leawood, Kansas  66211
(913) 491-4050; Fax (913) 491-3059
ccohen@cmplaw.net
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Plaintiff's Suggestions in Reply to Defendants' Suggestions in Opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction was sent, via electronic mail, this 6th day of January, 2011, to the following:

Mark A. Ferguson
Gates, Shields & Ferguson, P.A.
markferguson@gsflegal.com
ATTORNEYS FOR DEFENDANTS

/s/ Clifford A. Cohen